# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRANS AM SFE II, LLC,<br><br>      **Plaintiff,**<br><br>v.<br><br>TERRENCE WILLIAMS, JENNY WILLIAMS, and All Other Occupants,<br><br>      **Defendants.** | 1:17-cv-3110-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [2] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I. BACKGROUND

On July 21, 2017, Plaintiff Trans Am SFE II, LLC ("Plaintiff"), initiated a dispossessory proceeding against Terrence Williams, Jenny Williams and all other occupants ("Defendants"), in the Magistrate Court of DeKalb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendants following a foreclosure sale and seeks attorney's fees and costs.

---

[1] No. 17D19720.

On August 16, 2017, Carleton Wright ("Movant"),[2] proceeding *pro se*, removed the DeKalb County Action to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP Application"). Movant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. Movant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, Rule 60 of the Federal Rules of Civil Procedure, and 42 U.S.C. § 3631, and that the Court has "the legal duty to abort eviction pursuant to O.C.G.A. § 51-1-6 and 15 U.S.C. § 1692. (Notice of Removal [3] at 1). Movant also asserts that Plaintiff violated his "rights in respect to fair housing access" and that Movant exercised his option to buy the property at issue by signing a "land contract" and making improvements to the property. (Addendum to Notice of Removal [3.1]).

On August 18, 2017, Magistrate Judge Vineyard granted Movant's IFP Application. ([2]). The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction over the action removed. The Magistrate Judge found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County. The Magistrate Judge found that the Complaint filed in Magistrate Court

---

[2] Carleton Wright appears to be an occupant of the property at issue in this action. (See Addendum to Notice of Removal [3.1]).

asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. Although not alleged in the Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship. The Magistrate Judge found that Movant failed to allege any facts to show that the parties' citizenship is completely diverse. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and

recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. Analysis

Movant does not object to the Magistrate Judge's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse. The Court does not find any plain error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The record also does not show that the parties are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Carter v. Butts Cty., Ga., et al., 821 F.3d 1310, 1322 (11th Cir. 2006) (quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A.

§ 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").[3]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the Magistrate Court of DeKalb County. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[3] The Magistrate Judge also found that removal was procedurally defective because Movant, assuming that he is a citizen of Georgia, cannot remove to federal court an action brought against him in a Georgia state court. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The Magistrate found further that removal was defective because, although Terrence Williams and Jenny Williams are named as defendants in the dispossessory action, only Wright filled out the IFP Application and signed the notice of removal, and Wright, a non-lawyer, cannot represent the other defendants in this action. See 28 U.S.C. § 1446(b)(2)(A) (requiring all defendants to consent to and join in a notice of removal); Franklin v. Garden State Life Ins., 452 F. App'x 928, 930 (11th Cir. 2012) (per curiam) (the right to appear *pro se* "is limited to those parties conducting their own cases and dos not apply to persons representing the interests of others").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [2] is **ADOPTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE